FILED
18 JUN 04 PM 2:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-14129-0 SEA

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR CIVIL PENALTIES AND FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF RCW 42.17A |

## I. NATURE OF ACTION

The State of Washington (State) brings this action to enforce the state's campaign finance and disclosure law, RCW 42.17A. Defendant Facebook, Inc. (Facebook), an online social media corporation, failed to maintain and make available for public inspection documents and books of account specifying statutorily required information concerning political advertising sponsored through Facebook's online platform. On at least two occasions, Facebook failed to provide access to information required by law to members of the public. As a result, the State seeks relief under RCW 42.17A.765, RCW 42.17A.345, and WAC 390-18-050, including civil penalties, costs and fees, and injunctive relief.

## II. PARTIES

2.1    Plaintiff is the State of Washington. Acting through the Washington State Attorney General, the State enforces the state campaign finance disclosure laws contained in RCW 42.17A.

2.2    Facebook is an online social media corporation and social networking service headquartered in Menlo Park, California. As the term is defined in RCW 42.17A.005(9),

COMPLAINT FOR CIVIL PENALTIES
AND FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF RCW 42.17A

1

ATTORNEY GENERAL OF WASHINGTON
Campaign Finance Unit
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  Facebook is a commercial advertiser operating in the State of Washington. It accepted
2  compensation for the placement of political advertising on its platform.

### III.   JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over the present case, in accordance with RCW 42.17A. The Attorney General has authority to bring this action pursuant to RCW 42.17A.765.

3.2    This Court has jurisdiction over Facebook, a commercial advertiser conducting business in the State of Washington. Facebook offered services and received payment from persons placing political ads in Washington during each election year since 2013. The acts and omissions complained of in this complaint took place, in whole or in part, in King County.

3.3    Venue is proper in this Court pursuant to RCW 4.12.

### IV.   FACTUAL ALLEGATIONS

4.1    RCW 42.17A declares as a matter of public policy "[t]hat political campaign and lobbying contributions and expenditures be fully disclosed to the public and that secrecy is to be avoided." RCW 42.17A.001(1). The statute further provides that the state's campaign finance and disclosure law "shall be liberally construed to promote complete disclosure of all information respecting the financing of political campaigns . . . ." RCW 42.17A.001.

4.2    RCW 42.17A.005(9) defines a "commercial advertiser" as "any person who sells the service of communicating messages or producing printed material for broadcast or distribution to the general public or segments of the general public whether through the use of newspapers, magazines, television and radio stations, billboard companies, direct mail advertising companies, printing companies, or otherwise."

4.3    RCW 42.17A.005(36) defines "political advertising" to include "any advertising displays, newspaper ads, billboards, signs, brochures, articles, tabloids, flyers, letters, radio or television presentations, or other means of mass communication, used for the purpose of appealing, directly or indirectly, for votes or for financial or other support or opposition in any

election campaign."

4.4 RCW 42.17A.005(42)(a) defines "sponsor" for the "purposes of an electioneering communications, independent expenditures, or political advertising means the person paying for the electioneering communication, independent expenditure, or political advertising. If a person acts as an agent for another or is reimbursed by another for the payment, the original source of the payment is the sponsor."

4.5 RCW 42.17A.005(35) defines "person" as "an individual, partnership, joint venture, public or private corporation, association, federal, state, or local governmental entity or agency however constituted, candidate, committee, political committee, political party, executive committee thereof, or any other organization or group of persons, however organized."

4.6 RCW 42.17A.345 requires each commercial advertiser who has accepted or provided political advertising or electioneering communications during an election campaign to maintain documents and books of account that shall be open to the public for their inspection during normal business hours during the campaign and for a period of no less than three years after the date of the applicable election. The law entitles any person, without reference to or permission from the Public Disclosure Commission, to inspect a commercial advertiser's political advertising or electioneering communications documents and books of account. Pursuant to WAC 390-18-050, the documents and books of account shall specify:

(a) The name of the candidate or ballot measure supported or opposed or the name of the candidate otherwise identified;

(b) The name and address of the person who sponsored the advertising or electioneering communication;

(c) The total cost of the advertising or electioneering communication, how much of that amount has been paid, who made the payment, when it was paid, and what method of payment was used;

COMPLAINT FOR CIVIL PENALTIES
AND FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF RCW 42.17A

3

ATTORNEY GENERAL OF WASHINGTON
Campaign Finance Unit
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  (d) Date(s) the commercial advertiser rendered service; and

2  (e) A description of the major work components or tasks that were required to provide the advertising or communications services.

4.7  Facebook sells advertising through its advertising platform, including political advertising. Accordingly, Facebook is a commercial advertiser as the term is used in RCW 42.17A. As such, Facebook is required to comply with RCW 42.17A.345.

4.8  Since January 2008, candidates and political committees required to file campaign disclosure reports with the Public Disclosure Commission have reported $3.1 million in payments related to political advertising on Facebook's online platform. These payments included approximately $2.5 million paid through political consultants and other agents or intermediaries, and $619,861 paid directly to Facebook.

4.9  As an example, during election year 2017, candidates and political committees reported making $857,893 in payments related to political advertising on Facebook's online platform.

4.10  Facebook did not obtain or maintain all information required under RCW 42.17A.345 of commercial advertisers.

4.11  For example, Facebook did not obtain or maintain the names and addresses of all persons from whom it accepted political advertising.

4.12  Additionally, as an example, Facebook did not maintain the total cost and manner of payment for services it provided for political advertising.

4.13  Facebook did not make open for public inspection during its normal business hours during any campaign from 2013 through the present documents and books of account containing information on political advertising for which it accepted payment and ran on its platform.

4.14  For example, on November 30, 2017, Eli Sanders, Associate Editor of the biweekly Seattle newspaper *The Stranger*, hand-delivered a letter to Facebook at its Seattle

AND FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF RCW 42.17A

4

ATTORNEY GENERAL OF WASHINGTON
Campaign Finance Unit
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

office, seeking information concerning all political advertising Facebook accepted for the August 1, 2017 primary election and November 7, 2017 general election in the City of Seattle. Mr. Sanders' request cited a Seattle municipal law requiring commercial advertisers to produce information that is also required to be produced under RCW 42.17A.345.

4.15 Mr. Sanders corresponded with Facebook seeking information, including a December 27, 2017 email from Mr. Sanders to Facebook, copied to Facebook's outside counsel, in which Mr. Sanders noted that Washington law imposes requirements on commercial advertisers similar to the relevant Seattle ordinance. Mr. Sanders noted that these requirements apply to advertising sponsored in all state and local campaigns in Washington.

4.16 At no point did Facebook provide information concerning political advertising in Seattle municipal elections to Mr. Sanders in response to his November 30, 2017 request.

4.17 Facebook states that prior to May 2018, it did not collect the physical mailing address of persons who paid to advertise on Facebook.

4.18 On April 8, 2018, Conner Edwards contacted Facebook's outside counsel via email and requested an appointment on April 12, 2018 to inspect Facebook's documents and books of account related to political advertising. Mr. Edwards cited RCW 42.17A.345 as the basis of his request. Facebook's counsel acknowledged Mr. Edwards' email on April 10, 2018, but did not promise that his request for an inspection on April 12, 2018 would be honored.

4.19 On April 12, 2018, Mr. Edwards visited Facebook's Seattle office as intended. Facebook did not provide Mr. Edwards access to any documents and books of account concerning political advertising placed on Facebook's online platform.

4.20 On April 11, 2018, the Attorney General received a citizen action notice from Mr. Edwards concerning Facebook's failure to provide public access to the information required under RCW 42.17A.345.

4.21 In reports filed with the Public Disclosure Commission, candidates and political committees reported payments to Facebook for political advertising supporting or opposing

COMPLAINT FOR CIVIL PENALTIES
AND FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF RCW 42.17A

5

ATTORNEY GENERAL OF WASHINGTON
Campaign Finance Unit
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1 selected state and local candidates.

2     4.22    During the 2013 election, sponsors of political advertising confirmed a total of $129,099 in payments to Facebook for political advertising.

    4.23    During the 2014 election, sponsors of political advertising confirmed a total of $310,165 in payments to Facebook for political advertising.

    4.24    During the 2015 election, sponsors of political advertising confirmed a total of $147,689 in payments to Facebook for political advertising.

    4.25    During the 2016 election, sponsors of political advertising confirmed a total of $1,153,688 in payments to Facebook for political advertising.

    4.26    During the 2017 election, sponsors of political advertising confirmed a total of $857,893 in payments to Facebook for political advertising.

    4.27    To date, during the 2018 election, sponsors of political advertising confirmed a total of $74,687 in payments to Facebook for political advertising.

## V.    CLAIMS

The State re-alleges and incorporates by reference all the factual allegations contained in the preceding paragraphs, and based on those allegations, makes the following claims:

    5.1    <u>First Claim</u>: The State reasserts the factual allegations made above and further asserts that Defendant Facebook Inc., in violation of RCW 42.17A.345, failed to maintain documents and books of account with the statutorily required information for political advertising sponsored in Washington state elections from 2013 through 2018. The State further alleges that Defendant Facebook Inc. failed to make such documents and books of account open for public inspection during normal business hours for a period of three years following the applicable election.

    5.2    <u>Second Claim</u>: The State reasserts the factual allegations made above and further asserts that the actions of Defendant Facebook, Inc. stated in the above claims were negligent and/or intentional.

## VI. REQUEST FOR RELIEF

WHEREFORE, the State requests the following relief as provided by law:

6.1 For such remedies as the court may deem appropriate under RCW 42.17A.750, including but not limited to imposition of a civil penalty, all to be determined at trial;

6.2 For all costs of investigation and trial, including reasonable attorneys' fees, as authorized by RCW 42.17A.765(5);

6.3 For temporary and permanent injunctive relief, as authorized by RCW 42.17A.750(1)(h);

6.4 In the event the Court finds Facebook intentionally violated state campaign finance disclosure laws, order any penalty assessed against Facebook to be trebled as authorized by RCW 42.17A.765(5); and

6.5 For such other legal and equitable relief as this Court deems appropriate.

DATED this 4th day of June, 2018.

ROBERT W. FERGUSON
Attorney General

*[signature]*
LINDA A. DALTON, WSBA No. 15467
Senior Assistant Attorney General
S. TODD SIPE, WSBA No. 46695
Assistant Attorney General
Attorneys for Plaintiff State of Washington

COMPLAINT FOR CIVIL PENALTIES
AND FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF RCW 42.17A

7

ATTORNEY GENERAL OF WASHINGTON
Campaign Finance Unit
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200